# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

GENE T. FAVORS,

    Plaintiff,                                   CASE NO. 06-CV-13487

v.                                            DISTRICT JUDGE DAVID M. LAWSON
                                               MAGISTRATE JUDGE CHARLES BINDER

CATHY GARRETT,
JANE DOE,
JANE DOE,

    Defendants.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
## PURSUANT TO THE PRISON LITIGATION REFORM ACT

**I.    RECOMMENDATION**

**IT IS RECOMMENDED** that Plaintiff's Application to Proceed Without Prepayment of Fees and Costs be **DENIED** pursuant to the "three strikes" provision of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g).

**II.    REPORT**

Plaintiff is a *pro se* prisoner who is currently incarcerated at the Saginaw Correctional Facility in Freeland, Michigan. Pending, pursuant to an Order of Reference from United States District Judge David Lawson, is Plaintiff's Application to Proceed without Prepayment of Fees and Costs. (Dkt. 2.) Upon consideration of the application, I conclude that the case is ready for Report and Recommendation.

The Prison Litigation Reform Act ("PLRA"), which was enacted on April 26, 1996, contains a provision, codified at 28 U.S.C. § 1915(g), which is commonly known as the "three strikes" provision. It states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). If a prisoner has attained "three strikes," he is thereafter precluded from proceeding *in forma pauperis* in civil actions unless under threat of immediate harm. *Wilson v. Yaklich*, 148 F.3d 596, 602-04 (6th Cir. 1998). The Sixth Circuit has held that dismissals of actions prior to the effective date of the PLRA may be counted as "strikes" for the purposes of applying § 1915(g). *Id.* Moreover, the *Wilson* court held that the "three strikes" provision does not violate the Equal Protection Clause, the Due Process Clause, or the Ex Post Facto Clause; it is likewise not an unconstitutional bill of attainder. *Id.* at 604-06.

A search of the docketing records of the United States District Court for both the Eastern and Western Districts of Michigan indicates that Plaintiff has filed at least 12 prisoner civil rights cases in the Eastern District of Michigan and at least 11 cases in the Western District of Michigan. (*See* attached table.) Plaintiff has had at least five prisoner civil rights actions or appeals dismissed by federal courts on the grounds that they were frivolous or failed to state a claim. *See* 88-CV-00417 (dismissed as frivolous), and 88-1735 (affirmed on appeal); 91-CV-74647 (dismissed as frivolous); 92-CV-00446 (dismissed for failure to state a claim); and 95-CV-73874 (dismissed as frivolous). Additionally, he had one case where summary judgment was granted for defendants on the grounds that his claims were without merit, *see Favors v. Koehler*, 1986 WL 16559 (6th Cir.

2

1986) (unpublished order), and another case where summary judgment for defendants was granted because the complaint was without merit. *See Favors v. Barnett*, 1991 WL 15150 (6th Cir. 1991) (unpublished order). Although the available records of these two cases do not use the words "frivolous" or "failure to state a claim," these judgments arguably also constitute "strikes," as may one or more of the six cases listed in the table where the docket merely reflects that summary judgment was granted for defendants.[1]

In his Complaint, Plaintiff makes no allegation that he is "under imminent danger of serious physical injury." Instead, he alleges that several clerks at the Wayne County (Michigan) Circuit Court have failed to file or return his *pro se* motions submitted in a civil case proceeding in that court. I suggest that no "imminent danger" can be inferred from this claim.

Accordingly, because Plaintiff has had at least three dismissals that count as "strikes" and has not alleged that he is in danger, I suggest that Plaintiff's application to proceed without prepayment of fees and costs be denied pursuant to 28 U.S.C. § 1915(g) and that Plaintiff be instructed that he must pay the $350 civil case filing fee or the case will be dismissed.

**III.   REVIEW**

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are

---

[1] The docket entries in these cases do not reveal why Plaintiff was unsuccessful, and not all unsuccessful claims are frivolous, only those which have no "rational or arguable basis in law or in fact." *Wilson*, 148 F.3d at 600.

3

advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                                s/ *Charles E. Binder*
                                                CHARLES E. BINDER
Dated: August 31, 2006                        United States Magistrate Judge

## Prisoner Civil Rights Cases filed by Gene T. Favors

|    | Case Name | District | D Ct # | Ap Ct # | Disposition |
|----|-----------|----------|--------|---------|-------------|
| 1  | Favors v Koehler | WD Mich | unknown | 85-1114 | SJ for Defs - claims "without merit" |
| 2  | Favors v Foltz | ED Mich | unknown | 85-1239 | Appeal dismissed for lack of jurisdiction |
| 3  | Favors v Barnett | WD Mich | 88-00627 | 90-1690 | SJ for Defs - complaint "without merit" |
| 4  | Favors v Brown | WD Mich | 88-00765 | 89-2287 | SJ for Defs |
| 5  | Favors v Dawson | ED Mich | 88-60643 | 89-2330 | SJ for Defs |
| 6  | Favors v Hicks | ED Mich | 88-71376 | 89-1690 | SJ for Defs |
| 7  | Favors v Bos | WD Mich | 88-00417 | 88-1735 | **Dismissed as frivolous; Aff'd on Appeal** |
| 8  | Favors v Koehler | WD Mich | unknown | 88-1216 | Appeal dismissed for lack of jurisdiction |
| 9  | Favors v Johnson | WD Mich | unknown | 88-1215 | Appeal dismissed for lack of jurisdiction |
| 10 | Favors v Taylor | ED Mich | 89-71105 | 92-1395 | 2 Defs dismissed for frivolousness, remaining damages claims dropped, injunction claim dismissed as moot |
| 11 | Favors v Langley | ED Mich | 90-70979 | 91-1077 | SJ for Defs |
| 12 | Favors v Toombs | ED Mich | 91-74647 | 92-2218 | **Dismissed as frivolous** |
| 13 | Favors v Strassburg | WD Mich | 92-00346 |  | Dismissed / failure to pay reduced filing fee |
| 14 | Favors v Bell | WD Mich | 92-00446 | 94-2359 | **Dismissed for failure to state a claim** |
| 15 | Favors v Strassburg | WD Mich | 92-00553 |  | SJ for Defs |
| 16 | Favors v Withrow | WD Mich | 93-00351 |  | Dismissed / failure to pay partial filing fee |
| 17 | Favors v Withrow | WD Mich | 93-00089 |  | Dismissed / failure to pay partial filing fee |
| 18 | Favors v Palmer | ED Mich | 95-73874 | 96-1028 | **Dismissed as frivolous** |
| 19 | Favors v Horning | ED Mich | 96-71883 | 98-1389 | Dismissed with prejudice |
| 20 | Favors v Horning | ED Mich | 96-72485 | 96-2244 | Dismissed / failure to pay partial filing fee |
| 21 | Favors v Burke | ED Mich | 99-60157 | 99-2428 | SJ for Defs |
| 22 | Favors v Thompson | ED Mich | 99-10015 | 99-2315 | IFP denied / 3 strikes / case dismissed |
| 23 | Favors v Garrett | ED Mich | 06-13487 |  | Instant case |

## **CERTIFICATION**

     I hereby certify that this Report and Recommendation was electronically filed this date and served in the traditional manner on Gene Favors and Honorable David M. Lawson.

Dated: August 31, 2006                     By     s/Mary E. Dobbick
                                                          Secretary to Magistrate Judge Binder