UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

GENE T. FAVORS

          Plaintiff,

                                        Case Number 06-13487-BC
v.                                         Honorable Thomas L. Ludington

CATHY GARRETT,
JANE DOE,
JANE DOE,

          Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR REHEARING OR RECONSIDERATION

This matter is before the Court on the plaintiff's motion for rehearing or reconsideration of this Court's judgment, entered September 20, 2006, denying the plaintiff's motion for an extension of time to file objections to the magistrate's report and recommendation and dismissing the case with prejudice. Although the plaintiff now states that two days elapsed between his receipt of the magistrate's report and recommendation and his receipt of his legal and personal property after his transfer, his statements do not persuade the Court that relief is available under Federal Rule of Civil Procedure 59(e).

Rule 59(e) provides: "Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." The decision of whether to grant relief under Rule 59(e) is left to the district court's sound discretion. *In re Ford Motor Co. Securities Litigation, Class Action*, 381 F.3d 563, 573 (6th Cir. 2004). Such a motion will generally be granted only if the district court made a clear error of law, if there is an intervening change in the controlling law, or if granting the motion will prevent manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834

(6th Cir. 1999).  A Rule 59(e) motion is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier, but were not.  *Sault Ste. Marie Tribe of Indian Tribes v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).  Once a timely motion has been filed under this Rule, the district court has the discretion to reconsider any part of its final opinion and judgment, not only those sought to be corrected by the moving party.  *EEOC v. United Ass'n of Journeyman & Apprentices*, 235 F.3d 244, 250 (6th Cir. 2000).

Here, the plaintiff continues to assert the fact of his transfer and delay in receiving his legal and personal property.  Yet he does not dispute that he received the magistrate's report and recommendation within the time period to file objections.  A motion to alter or amend a judgment does not afford the plaintiff the opportunity to rehash old arguments or to advance arguments he might have previously raised.

Accordingly, it is **ORDERED** that the plaintiff's motion to alter or amend the judgment [dkt #10] is **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: October 4, 2006

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 4, 2006.

s/Tracy A. Jacobs
TRACY A. JACOBS